Filed 12/8/15  P. v. Kelley CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051196 |
| v. | (Super. Ct. No. 11WF2128) |
| AUSTIN JAMES KELLEY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie Hix, Temporary Judge.  (Pursuant to Cal. Const, art. VI, § 21.)  Reversed and remanded.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

In October 2011 defendant pleaded guilty to one count of felony possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)), and one misdemeanor count of possession of a controlled substance without a prescription (Bus. & Prof. Code, § 4060). The court suspended imposition of sentence and instead imposed three years of formal probation. After multiple probation violations and stints in jail, on April 29, 2013, the court terminated probation and imposed a prison term of three years. At that time, the court determined that defendant had 650 days of custody credits. In December 2014, after the passage of Proposition 47, defendant filed an application to redesignate his felony conviction a misdemeanor pursuant to Penal Code section 1170.18, subdivision (f),[1] or, alternatively, to be resentenced pursuant to section 1170.18, subdivision (a). The court granted defendant's application pursuant to subdivision (a) and sentenced defendant to 545 days in county jail on counts 1 and 2. The court credited defendant 545 days in custody and imposed one year of parole. Defendant appealed and contends the court should have applied his excess custody credits against his parole period.[2]

During the pendency of this appeal, we published *People v. Armogeda* (2015) 240 Cal.App.4th 1039, in which we determined that a person resentenced under section 1170.18, subdivision (a), is entitled to apply excess custody credits against the one-year parole period. (*Armogeda*, at p. 1047 [citing § 2900.5].) By failing to apply defendant's excess custody credits to his parole period, the court erred. Because we do not have an adequate record of defendant's custody credits, however, we will remand to the trial court to calculate the full amount of defendant's credits and to apply that amount to both the jail and parole term.

---

[1] All further statutory references are to the Penal Code.

[2] It does not appear that defendant's counsel made this contention in the trial court. However, the People do not argue for a waiver on appeal, and thus we do not address the issue.

## DISPOSITION

The judgment is reversed. The matter is remanded to the trial court with instructions to recalculate defendant's parole period by applying any excess custody credits to reduce the parole period pursuant to section 2900.5.


IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.

3